## IN THE TAX COURT OF THE STATE OF OREGON

## NEWPORT PLAZA PARTNERS, E.Y., INC. and E.W. & J.B., Inc.

*v.*

## DEPARTMENT OF REVENUE

(TC 4125)

W. Scott Phinney, Lake Oswego, represented Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Plaintiff rendered April 17, 1998.

## CARL N. BYERS, Judge.

This matter comes before the court on Defendant's Motion for Summary Judgment. Defendant argues that Plaintiffs failed to comply with the procedures for designating an authorized representative as set out in ORS 305.230(7).[1] The parties have stipulated to the facts. The procedural history of this case is complex.

Plaintiff, Newport Plaza Partners (NPP) is a California limited partnership registered to do business in the state of Oregon. NPP owned the subject property, Pacific Plaza Shopping Center in Newport, Oregon. On February 7, 1994, the subject property was purchased by a third party at a sheriff's sale following a judgment of foreclosure against NPP. NPP later assigned its property tax appeal rights to Property Research, Ltd. (PRL). On April 21, 1994, PRL filed a petition with the Department of Revenue on behalf of NPP, appealing the 1993-94 assessed values for the property. On April 22, 1994, E.Y., Inc. and E.W. & J.B., Inc. (collectively referred to herein as EY) redeemed the subject property from the third party and received an assignment of rights for any overpayment of real property taxes. On July 1, 1994, PRL filed petitions requesting the department to exercise its supervisory review jurisdiction for tax years 1991-92 and 1992-93. With these most recent petitions, PRL filed authorizations to represent EY. PRL did not file a written authorization to represent NPP until November 1996 and did not submit the assignment of NPP's appeal rights to EY until October 1996.

During the administrative hearing, the department questioned whether PRL was authorized by NPP to act on its behalf. PRL stated that NPP was aware of the proceedings and that it was so authorized. The hearing proceeded. Following the hearing, the department declined supervisory review for the earlier years at issue and denied relief on the merits for tax year 1993-94. Plaintiffs subsequently appealed to this court.

---

[1] All references to the Oregon Revised Statutes are to 1995.

On appeal, the department asserted that PRL was not an authorized representative under the provisions of ORS 305.230(7). At the request of the parties, this court issued a Judgment of Remand with instructions to the department to determine the issue. A hearing was held and the department determined that PRL was not an authorized representative because no written authorization had been filed as contemplated by the statute. Plaintiffs again appeal to this court, asserting that PRL met the conditions of an authorized representative. Although no written authorization was filed, Plaintiffs point out that the statute alternatively recognizes a petition in which it "appears" to the department that the representative is so authorized. Plaintiffs assert that the department's actions indicate it was satisfied that PRL was an authorized representative.

■     At the time of oral argument, both parties devoted substantial time to discussing the details of the various authorization forms, assignment of rights documents, and the duration of the NPP partnership. While these are of interest, they are unnecessary to decide the issue before the court. ORS 305.230(7) provides:

> "No person shall be recognized as representing a taxpayer pursuant to this section unless there is first filed with the department a written authorization, *or unless it appears* to the satisfaction of the department that the representative does in fact have authority to represent the taxpayer." (Emphasis added.)

■     The department has promulgated a rule with the statute, OAR 150-305.275-A. It states:

> "[A]ny correspondence concerning an appeal which is filed by someone who does not appear to be an authorized representative pursuant to ORS 305.230 will not be considered a petition for an appeal. *Such correspondence will be returned to the sender.* The appeal may be refiled at a later time with the appropriate authorization. However, the original correspondence will not protect a filing date or stop the expiration of any filing period." (Emphasis added.)

■     It is undisputed that Plaintiffs' petition was not accompanied by a written authorization for PRL to represent

them. Thus, under the statute, it must "appear" to the satisfaction of the department that PRL did in fact have authority to represent the taxpayer. The statute does not indicate what the department takes into consideration when determining whether one "appears" to be an authorized representative. However, its rule indicates that an appeal which is filed by someone who does not appear to be an authorized representative "will be returned to the sender." The department did not return the filing to PRL.

■　　The department's failure to return the petition indicates that it was satisfied that PRL was in fact the authorized representative of NPP. Certainly as a matter of practice, representatives filing on behalf of taxpayers would have no cause to believe that the department did not recognize them as authorized representatives unless the filings were in fact returned to them. For the department to later raise this issue on appeal is untimely and unfair.

Although the department is bound by its failure to return the petition to PRL, plaintiffs are not prevailing on a mere "technicality." The record is replete with evidence that the department in fact recognized PRL as the authorized representative of Plaintiffs. Both opinion and orders indicate that PRL appeared on behalf of NPP. In addition, there is numerous correspondence between the department and PRL regarding Plaintiffs' claims. While no written authorization was filed, it is clear that the department assumed PRL to be the authorized representative.

Because the department did not notify Plaintiffs that PRL did not "appear" to be authorized until past the appeal deadline, Plaintiffs were unable to refile their claims. And, as the rule states, an unauthorized filing does not extend the filing period. Had the department complied with its rule Plaintiffs could have provided the necessary authorization to remedy the situation. The department cannot now claim lack of jurisdiction after it failed to comply with its own rule and for all intents and purposes recognized PRL as the authorized representative.

Furthermore, the department's insistence that it does not "appear to their satisfaction" that PRL was authorized is contrary to the evidence before the court and the

department's own actions. As such, the department is abusing the discretion given it under the statute. The court notes that it is not NPP or EY asserting that PRL lacks authorization, and they are the parties the statute and rule are designed to protect, not the department. Essentially, the department is attempting to turn the taxpayer's shield into its sword.

The department had jurisdiction to consider Plaintiffs' claims. Now, therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is denied.